IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PORTAL TECHNOLOGIES LLC<br><br>    PLAINTIFF<br><br>v.<br><br>IAC/INTERACTIVECORP;<br>IAC SEARCH & MEDIA, INC.; and<br>MINDSPARK INTERACTIVE NETWORK, INC.<br><br>    DEFENDANTS | Civil Action No. _____<br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Portal Technologies LLC files this Complaint against the foregoing Defendants, namely IAC/INTERACTIVECORP; IAC SEARCH & MEDIA, INC. and MINDSPARK INTERACTIVE NETWORK, INC. as follows:

## PARTIES

1. Portal Technologies LLC ("PORTAL" or "Plaintiff") is a Texas Limited Liability Company with its principal place of business in Frisco, Texas.

2. On information and belief, Defendant IAC/INTERACTIVECORP has a place of business in New York.

3. On information and belief, Defendant IAC SEARCH & MEDIA, INC. has a place of business in California.

4. On information and belief, Defendant MINDSPARK INTERACTIVE NETWORK, INC. has a place of business in New York. Hereinafter, IAC/INTERACTIVECORP, IAC SEARCH & MEDIA, INC. and MINDSPARK INTERACTIVE NETWORK, INC. are referred to collectively as "IAC."

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). On information and belief, IAC is subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including at least a portion of the infringements alleged herein. Further, on information and belief, IAC has an interactive website comprising infringing methods in and/or is accessible in this forum. Further, on information and belief, IAC is subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in Texas.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). On information and belief, from and within this Judicial District IAC has committed at least a portion of the infringements at issue in this case. Without limitation, on information and belief, IAC is subject to personal jurisdiction in this forum. Further, on information and belief, IAC has an interactive website comprising infringing methods in and/or is accessible in this district. Further, on information and belief, IAC is subject to general jurisdiction in this district, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in this district.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,658,418

7. United States Patent No. 6,658,418 ("the '418 patent"), entitled "Authoring System For Computer-Based Information Delivery System" was duly and legally issued on December 2, 2003.

8. PORTAL is the exclusive licensee of the '418 patent and it has standing to bring this lawsuit for infringement of the '418.

9. The claims of the '418 patent cover, *inter alia,* methods for providing customized assortment of information content from a plurality of information providers for display in one or more customized interface screens in a plurality of computers, comprising: selecting a customized assortment of information content for a first computer of the plurality from information content and selecting at least one interface screen element for the first computer from a plurality of pre-defined interface screen elements for inclusion in the customized interface screens, the screen elements having on-screen characteristics subject to pre-defined constraints providing a generally uniform look and feel with other customized interface screens of the plurality of computers.

10. On information and belief, IAC has been and now is infringing the '418 patent under 35 U.S.C. § 271 by actions comprising methods for providing customized assortment of information content from a plurality of information providers for display in one or more customized interface screens in a plurality of computers, including as described in the paragraph above. On information and belief, such infringing methods comprise www.excite.com.

11. PORTAL reserves the right to take discovery regarding pre-suit knowledge of the '418 patent by IAC.

12. To the extent that facts learned during the pendency of this case show that IAC's infringement is, or has been willful, PORTAL reserves the right to request such a finding at time of trial.

13. As a result of IAC's infringing conduct, IAC has damaged PORTAL. IAC is liable to PORTAL in an amount that adequately compensates PORTAL for its infringement, which, by law, can be no less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, PORTAL respectfully requests that this Court enter:

1. A judgment in favor of PORTAL that IAC has infringed the '418 patent;

2. A permanent injunction enjoining IAC, its employees and agents, and all others acting in active concert therewith from infringing the '418 patent;

3. A judgment and order requiring IAC to pay PORTAL its damages, enhanced damages, costs, expenses, and prejudgment and post-judgment interest for IAC's infringement of the '418 patent as provided under 35 U.S.C. § 284;

4. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to PORTAL its reasonable attorneys' fees; and

5. Any and all other relief to which PORTAL may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

September 30, 2011                                       Respectfully submitted,

                                                         PORTAL TECHNOLOGIES LLC

                                                         By: */s/ John J. Edmonds*
                                                         John J. Edmonds – LEAD COUNSEL

        Texas Bar No. 789758
        Stephen F. Schlather
        Texas Bar No. 24007993
        COLLINS, EDMONDS & POGORZELSKI, PLLC
        1616 S. Voss Road, Suite 125
        Houston, Texas 77057
        Telephone: (281) 501-3425
        Facsimile: (832) 415-2535
        jedmonds@cepiplaw.com
        sschlather@cepiplaw.com

        William E. Davis, III
        Texas Bar No. 24047416
        THE DAVIS FIRM P.C.
        111 W. Tyler St.
        Longview, TX 75601
        Telephone: (903) 230-9090
        Facsimile: (903) 230-9661
        bdavis@bdavisfirm.com

        ATTORNEYS FOR PLAINTIFF
        PORTAL TECHNOLOGIES LLC