**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| PORTAL TECHNOLOGIES LLC | § | |
| | § | |
| v. | § | Case No. 2:11-CV-439-JRG-RSP |
| | § | |
| IAC/INTERACTIVECORP, et al. | § | |

**MEMORANDUM ORDER**

Plaintiff Portal Technologies LLC filed this action on September 30, 2011 alleging that it is the exclusive licensee of U.S Patent No. 6,658,418 entitled "Authoring System For Computer-Based Information Delivery System." Portal alleges that defendants are infringing the "418 patent in this District and elsewhere through a website they operate at www.excite.com. Before the Court is defendants' motion seeking a transfer of this case to the Southern District of New York (Dkt. No. 19, filed January 27, 2012).

**APPLICABLE LAW**

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2006). The first inquiry when analyzing a case's eligibility for 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").

Once that threshold is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2009). The private factors are: 1) the relative ease of access to sources of

proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319. The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319.

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) ("*In re Volkswagen II*"). Rather, the plaintiff's choice of venue contributes to the defendant's burden in proving that the transferee venue is "clearly more convenient" than the transferor venue. *In re Volkswagen II*, 545 F.3d at 315; *In re Nintendo*, 589 F.3d at 1200; *In re TS Tech*, 551 F.3d at 1319. Furthermore, though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen II*, 545 F.3d at 314-15.

## DISCUSSION

**A. Proper Venue for the Case**

There is no dispute that this action could have been brought in the Southern District of New York.

**B. Private Interest Factors**

**1. Relative Ease of Access to Sources of Proof**

Plaintiff identifies its "headquarters and sole working office" as being in this District, in Frisco, Texas, where it has multiple full-time employees including its CEO. At that office,

plaintiff represents that it has 136 boxes of documents concerning the technology at issue in the patent, including those relating to reduction to practice and commercialization of the technology of the '418 patent. Plaintiff squarely refutes Defendants' claim that its presence in this District is solely to justify venue, as it dates back five years before this suit was filed.

One of the defendants, IAC Search & Media, Inc. is located in California, while the other two defendants are located in New York. Defendants represent that their employees who are most knowledgeable about the allegedly infringing website are in the New York area. However, defendants identify no significant sources of proof in New York other than their own employees and records. Clearly the presence in New York of the records of two of the three defendants does weigh in favor of transfer. However, the only identified non-party witnesses, the inventors Kevin Burns and Emmett Burns, Jr., and the prosecuting attorney Elliot Aronson, are located in Montana and California, both of which are closer to Texas than to New York. Accordingly, this factor is neutral.

> 2. **Availability of Compulsory Process to Secure the Attendance of Witnesses**

As an initial matter, defendants misunderstand the subpoena power. At page 1 of their opening brief they represent that Frisco, Texas is "beyond this Court's trial subpoena power" because it is more than 100 miles from Marshall, Texas. Rule 45 allows even a *deposition* subpoena to require attendance by non-party witnesses served anywhere within the District (Fed. R. Civ. P. 45(b)(2)(A)), which includes Frisco. Of course, if the witnesses reside or are employed beyond 100[1] miles from the place of the deposition, they may seek to quash the

---

[1] The next section of Rule 45(b)(2)(C) expands the geographic scope of out-of-district deposition subpoenas from 100 miles to whatever the state law allows. Rule 176.3 of the Texas Rules of Civil Procedure limits a subpoena for a non-party witness to "a county that is [not] more than 150 miles from where the person resides or is served." Thus, a non-party witness could be compelled to attend a deposition in this District, as long as the witness resided or was served

subpoena under Rule 45(c)(3)(A)(ii), but the court has the option of simply ordering protection in the form of additional compensation for the witness (Rule 45(c)(3)(C)).

Subpoenas for *trial* are a different matter. Rule 45(c)(3)(A)(ii) specifically provides that "the person may be commanded to attend a trial by traveling from any such place [place of residence, employment or regular transaction of business] *within the state where the trial is held.*" The Advisory Committee Notes to the 1991 Amendment also make clear that "Under the revised rule, a federal court can compel a witness to come from any place in the state to attend trial, whether or not the local state law so provides." *See generally,* 9A Wright & Miller, Federal Practice and Procedure: Civil (3d ed.) §2463.1 at 496. Thus, the plaintiff's headquarters in Frisco, which is in this District, is within the subpoena power of this Court, for either depositions or trial, whether or not it is within 100 miles of the courthouse.

More to the point, the defendants, who bear the burden on this issue, have not identified any witnesses other than their employees and the non-party witnesses listed above, who are beyond the subpoena power. Plaintiffs have shown that the witnesses listed above are willing to travel to this District for trial, and the Court has the plenary power to order a party to produce its employees at trial. Defendants have certainly not established that the Southern District of New York has a better ability to compel the attendance of identified non-party witnesses. Thus, this factor regarding the availability of compulsory process to secure attendance of witnesses is neutral.

### 3. Cost of Attendance for Willing Witnesses

"The convenience of the witnesses is probably the single most important factor in a transfer analysis." *In re Genetech, Inc.,* 566 F.3d 1388, 1342 (Fed. Cir. 2009). While the court

---

within 150 miles of the closest edge of the county in the District where the deposition was to occur.

must consider the convenience of both the party and non-party witnesses, it is the convenience of non-party witnesses that is the more important factor and is accorded greater weight in a transfer of venue analysis. *Aquatic Amusement Assoc., Ltd. v. Walt Disney World Co.*, 734 F.Supp. 54, 57 (N.D.N.Y. 1990). Defendants' showing on this issue suffers from the same lack of information as the first private factor, the relative ease of access to sources of proof. However, the convenience of the party witnesses carries more weight here than elsewhere. While more of the party witnesses appear to be in New York than any other single district, the majority of witnesses appear to be scattered throughout the country.[2] This District is within a few miles of the DFW International Airport, which has flights as convenient as the New York airports, and the costs of food and lodging during any court appearance are far lower than in New York. Thus, this factor is neutral or slightly in favor of transfer.

### 4. All Other Practical Problems that Make Trial of a Case Easy, Expeditious, and Inexpensive

"Practical problems include those that are rationally based on judicial economy." *Eolas Tech, Inc. v. Adobe Systems, Inc.,* 2010 WL 3835762 at 6, *affirmed, In re Google, Inc.,* 412 Fed. Appx. 295 (Fed. Cir. 2011). As the Federal Circuit has held, "the existence of multiple lawsuits involving the same issues is a paramount consideration when determining whether a transfer is in the interest of justice . . . . Although these cases may not involve precisely the same issues, there will be significant overlap and a familiarity with the patents could preserve time and resources." *In re Volkswagen of America, Inc.* 566 F.3d 1349, 1351 (Fed. Cir. 2009).

---

[2] The defendants have not squarely responded to plaintiff's showing that the Time Warner employees have no relevant evidence to offer and should, therefore, be excluded from the analysis.

This Court has already conducted one claim construction hearing concerning this patent,[3] and has two additional cases currently pending also involving the '418 patent. *See Portal Technologies LLC v. AOL Inc.,* Civil Action No. 2:11-cv-438, and *Portal Technologies LLC v. Yahoo! Inc.,* Civil Action No. 2:11-cv-440. Because these cases involve common questions of claim construction and validity, the *Markman* hearings in all three cases will be conducted and briefed jointly. Transfer of this case to New York would require a second court to duplicate the effort that this Court will be expending on construing the same patent in the other cases. As the Federal Circuit recently observed: "judicial economy plays a paramount role in trying to maintain an orderly, effective, administration of justice and having one trial court decide all of these claims clearly furthers that objective." *In re Google, Inc.,* 412 Fed. Appx. 295, 2011 WL 772875 (Fed. Cir. Mar. 4, 2011).

Therefore, this factor weighs heavily against transfer.

**C.    Public Interest Factors**

    **1.    Administrative Difficulties Flowing From Court Congestion**

Even the movants admit that the median time to trial for patent cases in shorter in this District than in New York. This truth is confirmed by the fact that this case is now set for a *Markman* hearing in four months, on January 16, 2013, and for trial on September 3, 2013. Clearly the transfer of this case to New York would significantly delay its disposition. Accordingly, this factor, though far from dispositive, weighs against transfer.

    **2.    Local Interest in Having Localized Interests Decided at Home**

As the Court noted in *In re Volkswagen I,* 371 F.3d at 206 (5th Cir. 2004), the court system, including the jury pool, in a district should not be weighed down with adjudication of

---

[3] *Datamize Inc. v. Fidelity Brokerage, et al.,* Civil Action No. 2:03-cv-321 (E.D. Tex., Marshall Div.).

controversies that have no connection to their district. Defendants' motion misstates the facts on this issue, as it represents to the Court on the first page of its opening brief that "Portal has no discernible operations in Texas, or anywhere else. Consequently, Portal likely has no employees in Texas (or anywhere else, for that matter)." In fact, Portal does have its headquarters in this District, where it has multiple full-time employees, including its CEO. Perhaps this misstatement is a mere consequence of inadequate discovery, but what Defendants don't know they should not represent to the Court.

Defendants represent that they are all Delaware corporations with principal places of business in either California or New York (one in Manhattan and one in White Plains). The allegedly infringing activity concerns a website, which is of necessity aimed at the entire country, if not the world. While the plaintiff's operations are relatively small, the defendants' are somewhat diffuse geographically. Accordingly, the Court finds that this factor is neutral or weighs slightly in favor of transfer.

### 3. Familiarity of the Forum With the Law that Will Govern the Case and Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law

The parties have not identified any considerations that relate to these factors, and are therefore neutral.

## CONCLUSION

The Court finds that a transfer of this case from the Eastern District of Texas to the Southern District of New York would be more convenient to the handful of potential defense witnesses, but would significantly delay the proceedings and create judicial inefficiencies because of the many related cases pending in this District arising from the same patent. After considering all of the relevant factors, the Court finds that Defendants have not met their burden

of showing that the Southern District of New York is clearly a more convenient forum for this case. Accordingly, the motion to transfer is **DENIED**.

**SIGNED this 15th day of August, 2012.**

                                              ROY S. PAYNE
                                              UNITED STATES MAGISTRATE JUDGE